sion, Third Department. January 7, 1914.) Action by Edwin S. Anthony against Newton A. Calkins and Edwin H. Merriam. No opinion. Judgment unanimously affirmed, with costs.

———

ANTHONY, Respondent, v. RUTLAND R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 7, 1914.) Action by Rose Anthony, as administratrix of Henan Anthony, deceased, against the Rutland Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

———

In re APOLLO STREET AND PORTER AVE. IN CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. January 23, 1914.) In the matter of the application of the City of New York relative to acquiring title, etc., and opening Apollo Street and Porter Avenue.

PER CURIAM. Order of June 27, 1912, so far as appealed from, affirmed, with $10 costs and disbursements.

BURR, J., not voting.

———

APPEL et al., Respondents, v. BUCKBINDER, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 23, 1914.) Action by Mae R. Appel and another, on their own behalf and for all others similarly situated who may come in and prosecute with these plaintiffs, against Mary Buckbinder. No opinion. Judgment (82 Misc. Rep. 312, 143 N. Y. Supp. 710) reversed, and new trial granted, without costs, in accordance with stipulation filed.

———

ARMSTRONG et al. v. KNOX et al. (Supreme Court, Appellate Division, Second Department. January 16, 1914.) Action by Harry T. Armstrong and another against John Knox and others. No opinion. Interlocutory judgment affirmed, with costs.

———

ARROLL, Appellant, v. BUFFALO, L. & R. RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 23, 1913.) Action by James T. Arroll against the Buffalo, Lockport & Rochester Railway Company. No opinion. Order affirmed, with costs.

———

AUGUST BELMONT HOTEL CO. v. CITY OF NEW YORK et al. HAWK & WETHERBEE v. SAME. (Supreme Court, Appellate Division, First Department. January 9, 1914.) Action by the August Belmont Hotel Company and by Hawk & Wetherbee against the City of New York, and others. No opinions. Motions for leave to appeal to the Court of Appeals (from 144 N. Y. Supp. 1104) granted; questions to be certified as in Waldorf-Astoria Hotel Co. v. City of New York, 145 N. Y. Supp. 1127, decided herewith. Settle orders on notice.

AURIEMMO v. AIMONE MFG. CO. (Supreme Court, Appellate Division, First Department. January 16, 1914.) Action by Raffaele Auriemmo against the Aimone Manufacturing Company. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

———

AYERS, Appellant, v. CLOTHIER et al., Respondents. (Supreme Court, Appellate Division, Third Department. January 21, 1914.) Action by Janette Ayers against Robert W. Clothier and another. No opinion. Order affirmed, with $10 costs and disbursements.

———

BARBERICH, Appellant, v. LORD ELECTRIC CO., Respondent. (Supreme Court, Appellate Division, Second Department. February 6, 1914.) Action by George J. Barberich against the Lord Electric Company. No opinion. Judgment and order unanimously affirmed, with costs.

———

BARLOW v. LEHIGH VALLEY R. CO. (Supreme Court, Appellate Division, Third Department. January 7, 1914.) Action by James H. Barlow against the Lehigh Valley Railroad Company.

PER CURIAM. Motion granted. See, also, 158 App. Div. 768, 143 N. Y. Supp. 1053.

KELLOGG, J., not sitting.

———

BARNETT v. AMERICAN STOPPER CO. (Supreme Court, Appellate Division, Second Department. February 20, 1914.) Appeal from Trial Term, Queens County. Action by Mary Barnett against the American Stopper Company. From judgment for plaintiff, and motion denying new trial, defendant appeals. Reversed, and new trial granted. Harry S. Austin, of New York City, for appellant. Martin T. Manton, of Brooklyn, for respondent.

PER CURIAM. In view of the happenings on the trial indicated at folios 93 to 99, 226 to 228, 256 to 258, and 280 to 282 of the record, we think that the trial court should have granted the defendant's motion to withdraw a juror, when made after the happening shown at folios 420 to 422 of the record. In our opinion, a due respect for the orderly administration of justice in a court of law requires the reversal of the judgment and order in this case and the granting of a new trial. Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event.

———

BASS, Appellant, v. PHENIX INS. CO. OF HARTFORD, Respondent. SAME v. WILLIAMSBURG CITY FIRE INS. CO. SAME v. ROYAL EXCHANGE ASS'N CO. OF LONDON. (Supreme Court, Appellate Division, First Department. January 28, 1914.) Actions by Joseph Bass against the Phenix Insurance Company of Hartford, against the Williamsburg City Fire Insurance Company, and against the Royal Exchange Association Com-